**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE**

Civil Case No. 10-CV-00153-LTB

ELIZABETH GARCIA,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

    Defendant.

---

**ORDER**

---

THIS MATTER is before me on review of the Commissioner's decision that denied Plaintiff's application for disability insurance benefits under the Social Security Act. Plaintiff, Elizabeth Garcia, appeals the final decision of Michael J. Astrue, Commissioner of Social Security, denying her application for Social Security Disability benefits. Oral argument would not materially assist the determination of this appeal. After consideration of the parties' briefs and the administrative record, and for the reasons set forth below, I affirm.

    I.    <u>STATEMENT OF THE CASE</u>

On March 10, 2005, Plaintiff applied for disability benefits because she suffered from alleged medical problems that had prevented her from working since November 2002. Her application was denied initially. Plaintiff requested a hearing before an ALJ, which was held on August 6, 2007. On October 22, 2007, the ALJ issued a decision denying all benefits. The Appeals Council denied Plaintiff's request for review. Plaintiff

timely filed this appeal seeking review of the Commissioner's final decision.

## II. STATEMENT OF FACTS

### A. Background

Plaintiff was fifty-one years old at the time of the hearing. Administrative Record ("AR") 569. She has a GED. AR 571. Plaintiff is currently working part-time doing on the job clerical training, filing, answering phones, trying to deal with the public through a vocational rehabilitation program since June 2007. She works five hours per day five days a week. AR 573. At the hearing, Plaintiff testified that she suffers from low-back pain, spasms, and stiffness. AR 576. Her back pain is a burning sensation that radiates down her left leg to her big toe. AR 577. Sitting constantly exacerbates her back pain. AR 578. Her feet hurt, but no doctor has diagnosed a problem. AR 579. She said her feet hurt more if she has walked for long distances. AR 579. Prior to 2005, she experienced migraine headaches, but has learned to control her symptoms. AR 580.

### B. Law

A five-step sequential evaluation process is used to determine whether a claimant is disabled under Title II and Title XVI of the Social Security Act which is generally defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(B); *see also Bowen v. Yuckert*, 482 U.S. 137, 137, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987).

Step One is whether the claimant is presently engaged in substantial gainful activity. If she is, disability benefits are denied. See 20 C.F.R. §§ 404.1520, 416.920. Step Two is a determination whether the claimant has a medically severe impairment or combination of impairments as governed by 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant is unable to show that her medical impairment(s) would have more than a minimal effect on her ability to do basic work activities, she is not eligible for disability benefits. Step Three determines whether the impairment is equivalent to one of a number of listed impairments deemed to be so severe as to preclude substantial gainful employment. *See* 20 C.F.R. §§ 404.1520(d), 416.920(d). If the impairment is not listed, she is not presumed to be conclusively disabled. Step Four then requires the claimant to show that her impairment(s) and assessed residual functional capacity ("RFC") prevent her from performing work that she has performed in the past. If the claimant is able to perform her previous work, the claimant is not disabled. *See* 20 C.F.R. §§ 404.1520 (e)&(f), 416.920(e)&(f). Finally, if the claimant establishes a prima facie case of disability based on these four steps as discussed, the analysis proceeds to Step Five where the Commissioner has the burden to demonstrate that the claimant has the RFC to perform other work in the national economy in view of her age, education and work experience. *See* 20 C.F.R. §§ 404.1520(g), 416.920(g).

C.   ALJ's Ruling

The ALJ found that the Plaintiff had not engaged in substantial gainful activity since November 3, 2002.  AR 20.  The ALJ next determined that Plaintiff had the following severe impairments: cervical (left greater than right) and lumbar neuromyofascial pain syndrome; L5-S1 radiculitis (left greater than right); and post-

concussion syndrome. AR 21. The ALJ also found that Plaintiff's medically determinable impairments did not meet or medically equal one of the listed impairments in 20 CFR Part 404, Subpart P Appendix 1. AR 25. The ALJ went on to find that Plaintiff had the residual functional capacity (RFC) to perform the full range of light work. He found that Plaintiff is able to do the following: she is able to lift and/or carry twenty pounds occasionally and ten pounds frequently; she is able to sit with normal breaks for a total of six hours in an eight hour workday; she is able to engage in frequent reaching (overhead and in all other directions), handling, fingering, feeling, and pushing and pulling; she is able to engage in occasional push and pull activities with bilateral lower extremities, and occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. He also found that she cannot climb ladders, ropes, and scaffolds. Further, he determined that she must avoid concentrated exposure to humidity and wetness, extreme cold and extreme heat, and avoid all exposure to unprotected heights and moving mechanical parts. AR 26. The ALJ found that Plaintiff is capable of performing past relevant work as a file clerk and that this work does not require the performance of work-related activities precluded by the claimant's residual functional capacity. AR 31. Finally, the ALJ determined that Plaintiff has not been under a disability as defined by the Social Security Act. AR 32.

    III.    STANDARD OF REVIEW

This court's review is limited to whether the final decision is supported by substantial evidence in the record as a whole and whether the correct legal standards were applied. *Williamson v. Barnhart*, 350 F.3d 1097, 1098, 60 Fed. Appx. 729 (10th Cir. 2003); *White v. Barnhart*, 287 F.3d 903, 905 (10th Cir. 2001); *Qualls v. Apfel*, 206

F.3d 1368, 1371 (10th Cir. 2000). Thus, the function of my review of the factual findings is to determine whether they "are based upon substantial evidence and inferences reasonably drawn therefrom; if they are so supported, they are conclusive upon [this] reviewing court and may not be disturbed." *Trujillo v. Richardson*, 429 F.2d 1149, 1150 (10th Cir. 1970). With regard to the application of the law, reversal may be appropriate when the SSA Commissioner either applies an incorrect legal standard or fails to demonstrate reliance on the correct legal standards. *See Winfrey v. Chater*, 92 F.3d 1017, 1019 (10th Cir. 1996).

    IV.    <u>ISSUES ON APPEAL</u>

    A.    Whether the ALJ erred in his finding that Plaintiff could return to her past relevant work as a file clerk as it is performed in the national economy

The ALJ found Plaintiff is not disabled and could return to her past work as a File Clerk as typically performed in the national economy as defined in the Dictionary of Occupational Titles.  Further, the ALJ found that Plaintiff could not return to her past work as a File Clerk as she actually performs the job, since the work was performed at the medium exertion level.  The ALJ also found that the File Clerk Job was classified as semi-skilled in nature under the Dictionary of Occupational Titles citing the written report of the vocational expert and the testimony by the Vocational Expert.

Plaintiff notes that the Vocational Expert specifically identified the File Clerk job as File Clerk/ Job Site Secretary, DOT 206.367-010.  Plaintiff asserts that the Vocational Expert's testimony about the File Clerk job is clearly incorrect as DOT 206.367-010, is titled Engineering-Document Control Clerk, a highly skilled job in the aircraft-aerospace manufacturing industry; electronic component and accessories

industry. Plaintiff argues that because the ALJ's finding of nondisablity is based upon incorrect vocational expert testimony it is not based upon substantial evidence and must be reversed.

Defendant argues that although the vocational expert referred to an incorrect DOT number, such error is harmless. Here, Defendant argues, Plaintiff has failed to demonstrate how citing to the wrong DOT number but naming the proper job titled affected the outcome of this case. Defendant goes on to state the DOT has two file clerk jobs and both jobs fit Plaintiff's RFC. File Clerk I and II are classified as light jobs with reasoning levels of 3. Additionally, Defendant notes that the vocational expert also cited to representative semi-skilled light jobs that a hypothetical individual with the same RFC as Plaintiff could perform, and those jobs exist in significant numbers in the national economy.

I reject Plaintiff's argument and agree with Defendant that the ALJ's finding that Plaintiff can perform her past relevant work as it is performed in the national economy is supported by substantial evidence. Plaintiff has failed to demonstrate that the vocational expert citing to the wrong DOT number is anything more than harmless error as a significant number of jobs exist in the national economy that Plaintiff can perform and the vocational expert correctly identified the proper job title otherwise. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 735 (10th Cir. 2005)(holding that harmless error analysis is appropriate in Social Security disability proceedings when the error would have no effect on the outcome of the case).

      B.      Whether the ALJ erred in rejecting the assessments of doctor Edwin Healey M.D., treating physician Tillman Farley M.D., and Psychologist W.E. Wisner

1. Dr. Healey

The ALJ found Dr. Healey's opinion of minimal probative value. He also found that Dr. Healy's opinion regarding the Plaintiff's limitations is inconsistent with Plaintiff's activities of daily living. Specifically he found that Dr. Healy's recommend strength limitation that the claimant "not lift above chest level any more than 10 lb., and no more than 20 lb. From the knees to the chest" is not consistent with Plaintiff's testimony that she is primary caretaker of her elderly mother in their residence, drives her mother to places, shops for groceries, takes out lightweight trash, cooks simple meals, washes clothes and also cares for her own personal needs.

Plaintiff argues that the ALJ's reasoning is inconsistent. Plaintiff notes that the ALJ disregarded Dr. Healey's opinion because he only examined Plaintiff once, but then gave significant weight to Dr. Nouhi's opinion who also examined Plaintiff once. Plaintiff asserts that one of the specific reasons given by the ALJ for giving significant weight to Dr. Nouhi's opinions was the fact that he was a one time, non-treating examiner. Plaintiff argues that Dr. Healey is a specialist and his opinion should be given weight. Further, Plaintiff contends that the activities of daily living which are listed by the ALJ as a part of reasoning for giving Dr. Healey's opinion little weight are inconsistent with the actual factual record. Plaintiff goes on to state that where the ALJ finds that Plaintiff babysits for her grandchildren at times, but not very often, Plaintiff testified that she only babysat about 3 times for 1-2 hours while the baby slept and she cannot babysit on a regular basis nor does she go to school activities like plays and concerts. Plaintiff also points to her daughter's testimony that Plaintiff was unable to be a grandma because it was hard for her to lift or play with the grandchildren.

Defendant argues that Plaintiff has not met her burden to demonstrate how the ALJ ignored Dr. Healey's mental limitations as she did not cite to specific limitations that were ignored, but only cites to her reported symptoms. Defendant notes that the ALJ gave Dr. Healey's opinion regarding Plaintiff's physical limitations minimal probative value 1) because Dr. Healey had examined Plaintiff on only one occasion and only as an independent medical examiner, not for the purpose of treatment, and 2) because the limitations Dr. Healey imposed were inconsistent with Plaintiff's admitted activities of daily living. As such, Defendant asserts the ALJ gave legitimate reasons for discounting this medical source opinion. Defendant also notes that Dr. Healey is a neurologist and not a mental health specialist and he did not offer specific mental limitations.

First, no where in the ALJ's opinion does the ALJ specifically state that he is giving significant weight to Dr. Nouhi's opinion because he was a one time non-treating examiner. The ALJ states he "has carefully weighed Dr. Nouhi's opinion with the entire case record and given his opinion significant weight due to his physical examination of the claimant, the detailed findings in his report, and the consistency of his opinion with the claimant's description of her activities of daily living." AR 29.

Further, the ALJ evaluated Dr. Healey's opinions along with the rest of the record evidence. The ALJ also gave several reasons supported by the record for discounting Dr. Healey's opinion. As such, I find that Plaintiff's arguments about the weight given to Dr. Healey's opinions are without merit.

      2.     Dr. Farley

Plaintiff argues that the ALJ failed to discuss, credit or discredit treating physician Dr. Farley's opinions. Plaintiff asserts that Dr. Farley's opinion as a treating

physician is entitled to substantial weight unless the Commissioner establishes good cause to disregard it.  Citing *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003).

Defendant argues Dr. Faley's opinion is not a medical source opinion that is entitled to weight, rather, it is a dispositive finding on an issue reserved to the Commissioner.  Defendant goes on to state that Dr. Farley did not opine about Plaintiff's ability to do work related activities, instead he issued a vocational opinion.  Defendant cites to 20 C.F.R. 404.1513(b)(6) in support of this assertion.  A medical source opinion is a statement about what a clamant can still do despite a claimant's impairments based on the medical source's findings.  Citing 20 C.F.R. 404.1513(b)(6).  Such statements about what a claimant can still do are probative if they describe the medical source's opinion about a clamant's ability to do work related activities such as sitting, standing, walking, lifting, carrying, handling objects, hearing, speaking, and traveling.  20 C.F.R. 404.1513(c)(1).

Because I agree with Defendant, I discern no error.

       3.     Psychologist W.E. Wisner, Ed.D

As to Mr. Wisner, the ALJ found that he "weighed this opinion with the entire case record, and gave greater weight to the claimant's admitted activities of daily living and her mental health treatment history contained in the record."

Plaintiff argues that the ALJ erred in stating that he was giving greater weight to Plaintiff's activities of daily living as this is a conclusory statement.  She also argues that there is no basis for the ALJ's statement that he is relying upon Plaintiff's mental health treatment because he does not give any weight to any mental health treatment source.

I find that the ALJ did not error in giving less weight to Mr. Wisner's opinion

because his decision was supported by substantial evidence in the record, including Plaintiff's activities of daily living and her treatment history which the ALJ detailed throughout his order.  See 20 C.F.R. 404.1527(d)(factors to consider when evaluating opinion evidence).

      C.      Whether the ALJ failed to properly evaluate the medical opinions of treating Physician's Assistant Brian Boley

Plaintiff argues that it was improper for the ALJ to reject Physician's Assistant Boley's opinions because he was not an "acceptable medical source."  Plaintiff contends that Social Security regulations require the Commissioner to consider the opinions of Physician's Assistants regarding an impairments severity and functional effects of that impairment.  Plaintiff notes that the Colorado Department of Human Services and Division of Vocational Rehabilitation allow for Physician's Assistants to be a treating source.  Plaintiff further argues that there is no requirement that a Physician's Assistant know Social Security Disability law in order to render an opinion regarding an impairment's severity and the functional effects of that impairment.   Plaintiff goes on to argue that there is no basis for the ALJ's finding that Mr. Boley conducted no physical examination.  Plaintiff also argues that ALJ erred in discrediting Mr. Boley's opinions on Plaintiff's Med-9 forms.

Defendant argues that under the regulations the ALJ properly noted that Mr. Boley is an "other source" not a medical source as asserted by Plaintiff.  See 20 C.F.R. 404.1513(a).  Defendant contends the ALJ complied with 20 C.F.R. 404.1513 and Social Security Ruling (SSR) 06-3 because he considered and weighed Mr. Boley's opinion.  Defendant notes that a determination that an individual is disabled on a Med-9

form holds little weight in determining disability for Social Security purposes.  Defendant goes on to state that any opinion that Plaintiff is unable to work is a dispositive opinion reserved to the Commissioner and holds no special significance in the agency's determination currently at issue.

      I agree with Defendant that the ALJ properly weighed and considered Mr. Boley's opinion.  After review of the ALJ's order, it does not appear that Mr. Boley's opinion was merely rejected because he is not a licensed physician as stated by the Plaintiff.  Rather, the majority of the ALJ's findings as to Mr. Boley's opinions are based on the lack of the use of medically acceptable clinical and laboratory diagnostic techniques to support Mr. Boley's conclusion that Plaintiff is disabled.   Ultimately the decision as to whether Plaintiff is disabled is one for the ALJ.

      In this case, the ALJ's findings are based on substantial evidence and inferences reasonable drawn from it.  Further, the ALJ applied the correct legal standards.  It is therefore ORDERED that the Commissioner's decision is AFFIRMED.

      Dated: January  11th  , 2011.

BY THE COURT:

   s/Lewis T. Babcock
Lewis T. Babcock, Judge